The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pittman and upon the briefs and argument of plaintiff and of counsel for Defendant. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * *
A Pre-Trial Agreement entered into by the parties prior to the 12 December 1994 hearing in this matter is incorporated herein by reference. Following that hearing, the record in this matter was held open in order to allow the parties an opportunity to depose medical experts. Thereafter, upon the receipt of the deposition of Dr. Rice and stipulated medical records as well as contentions from counsel for the parties the record was closed.
All objections raised during the deposition of Dr. Rice are ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
All stipulations contained in the aforementioned Pre-Trial Agreement are incorporated herein by reference. Furthermore, at the hearing, the parties stipulated as follows:
1. That the Defendant's Response to Plaintiff's Interrogatories be received in the evidence as Exhibit No. 1;
2. That the plaintiff's employment file with defendant-employer be received into evidence as Exhibit No. 2 (however, said document was not received from the Defendant);
3. That the plaintiff was out of work from January 27, 1993 through February 7, 1993; from February 12, 1993 through February 21, 1993; on April 30, 1993; from June 21, 1993 through June 25, 1993 and from July 8, 1993 until her termination on October 25, 1993;
4. That the Form 19 dated May 21, 1993 be received in evidence as Exhibit No. 4;
5. That a Form 18 dated December 15, 1993 be received into evidence as Exhibit No. 5, and;
6. That the plaintiff's average weekly wage may be determined from the Form 22's received into evidence as Exhibit No. 6.
* * * * * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission rejects the findings made by the Deputy Commissioner and makes the following:
FINDINGS OF FACT
1. The plaintiff is a pleasant thirty-five year female high school graduate with one child who attended community college for one year and who began working for the defendant-employer as a doffer on 19 April 1991. The plaintiff's duties as a doffer included keeping textile machines threaded and cleaned. In carrying out her job duties, plaintiff was required to bend and to lift up to thirty to forty pounds with assistance on occasion.
2. In early January 1993 plaintiff and a co-worker were lifting a rack weighing approximately thirty to forty pounds and the co-worker let go of the rack causing it to jerk. Plaintiff fell over the rack and experienced a sharp pain running from her stomach to her back. She informed her supervisor, James Leach, that she hurt her back following the incident but he made fun of her and told her to get back to work and said that she was just lazy.
3. In the latter part of January 1993, when plaintiff attempted to pull a spool off a machine during the course of her employment with the defendant-employer, it stuck and pulled her down and she experienced a pain in her stomach and back. Furthermore, when she went to pull a second spool she began "bleeding." Plaintiff reported to Pat Ray, the Human Resources Representative for defendant-employer, that the machine had jerked and caused her to bleed.
4. Although plaintiff's testimony regarding reporting of her injuries to defendant-employer is not corroborated by the testimony of her supervisor, James Leach, or the testimony of the Human Resource's Representative, Pat Ray, the Full Commission finds as a fact that she did try to report both incidents but may have been misunderstood. James Leach testified that the plaintiff complained to him that her back was hurting, but that she did not report she injured her back while lifting a rack with a co-worker. Pat Ray testified that the plaintiff told her that she was experiencing abdominal pain but that she did not say it resulted from a work injury and that plaintiff first notified defendant-employer that she was claiming a work-related injury on May 21, 1993 when the Form 19 was completed.
5. On February 22, 1993, plaintiff completed and signed an Application for Group Health Insurance Benefits. Plaintiff received short-term disability benefits following completion of said application. Plaintiff did not know or understand that she was not entitled to these benefits if the injury was compensable under the Workers' Compensation Act but understood in good faith that her employer was taking care of the workers' compensation matter since she had reported both incidents and the employer's representatives presented her with all of the paperwork for her medical and disability pay.
6. Plaintiff first sought medical treatment on the day of her first injury when she attempted to see Dr. Kilpatrick complaining of discomfort in her lower abdomen. Dr. Kilpatrick's records do not relate that plaintiff's abdominal discomfort began as the result of any work-related activity nor do his records indicate any complaints regarding back pain. Plaintiff attempted to relate the on-the-job injury to Dr. Kilpatrick but was prevented from doing so when he said he did not handle workers' compensation cases, only female problems.
7. On January 27, 1993, plaintiff was seen by Dr. Dales upon referral from Dr. Kilpatrick.
8. Plaintiff was referred by Dr. Dales to Dr. Martin, who first examined plaintiff on February 5, 1993. Plaintiff returned to see Dr. Martin on February 12, 1993; and for the first time, medical records indicate that plaintiff was complaining of back pain.
9. Plaintiff next sought treatment at Moore Regional Hospital on April 13, 1993 complaining of back pain. Plaintiff was referred by the emergency room physician, Dr. Jingle to Dr. Rice, an orthopedic surgeon, who first saw plaintiff on April 19, 1993. Dr. Rice's report indicates that the plaintiff stated that she had experienced persistent pain in her back and into her groin over the last two months. Sometimes upper disc problems, such as diagnosed by Dr. Rice, can cause abdominal discomfort. Dr. Rice's impression was lumbar disc disease, although he further testified that he sometimes uses the terms lumbar strain and lumbar disk disease interchangeably.
10. Dr. Rice referred plaintiff for an MRI which was performed on April 27, 1993 and was unremarkable exhibiting no evidence of disc herniation. Examination was unremarkable and plaintiff was referred to begin physical therapy on April 30, 1993, being authorized to remain out of work for five days and return to light duty. However, plaintiff attended one physical therapy appointment and then discontinued physical therapy, choosing to see a chiropractor, Dr. Schultz, who she first saw on May 12, 1993. Following this examination, the diagnosis was work-related lumbar strain, resulting from specific traumatic incidents described by plaintiff.
11. Plaintiff did not return to see Dr. Rice until July 23, 1993. While examination was still essentially the same, Dr. Rice authorized plaintiff to remain out of work and continued to see plaintiff through August 1993.
12. However, plaintiff did not return to employment with defendant-employer and on October 25, 1993, plaintiff was terminated from said employment. The Full Commission finds that such termination was in violation of the Workers' Compensation Act. The reason for the termination given by the employer's Human Resource Manager, Patricia Ray, was that the employee did not return to work after six months. Ms. Ray further testified that Spanco did not have a job within plaintiff's restrictions of no stooping, bending or reaching. Plaintiff is currently employed with the North Carolina Department of Corrections and has been so employed in that capacity since March 7, 1994.
13. Plaintiff sustained an injury as the result of a specific traumatic incident of the work assigned arising out of and in the course of her employment with defendant-employer on two occasions in January 1993. The Full Commission finds, based on office records of Dr. Edward N. Schultz, DC, nursing and physician records from Moore Regional Hospital, and Doctor's Referrals from Spanco Yarns, that the injuries for which she was treated, were work related and resulted from the specific traumatic incidents the plaintiff described in her testimony.
14. Plaintiff's average weekly wage at Spanco was $337.57, yielding a compensation rate of $225.06.
15. Plaintiff is entitled to compensation at the rate of $225.06 per week for the following periods: from January 27, 1993 through February 7, 1993; from February 12, 1993 through February 21, 1993; for April 30, 1993; from June 21, 1993 through June 25, 1993 and from July 8, 1993 until she found other work on 7 March 1994; plaintiff missed work during those periods because of her compensable injuries resulting from specific traumatic incidents of the work assigned and because defendant failed to provide her a job within her restrictions.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury as the result of a specific traumatic incident of the work assigned arising out of and in the course of her employment with defendant-employer on two occasions in January 1993. N.C. GEN. STAT. § 97-2 (6).
2. Plaintiff is, therefore, entitled to benefits under the Workers' Compensation Act. N.C. GEN. STAT. § 97-2 et. seq.
3. Plaintiff is entitled to compensation at the rate of $225.06 per week for the following periods: from January 27, 1993 through February 7, 1993; from February 12, 1993 through February 21, 1993; for April 30, 1993; from June 21, 1993 through June 25, 1993 and from July 8, 1993 until she found other work on 7 March 1994; plaintiff missed work during those periods because of her compensable injuries resulting from specific traumatic incidents of the work assigned and because defendant failed to provide her a job within her restrictions.
4. Plaintiff is entitled to have Defendant pay all reasonable and necessary medical expenses incurred or to be incurred by plaintiff as a result of her compensable on the job injuries when bills for same are submitted to defendant employer and approved pursuant to procedures established by the Commission, for so long as such medical treatments are reasonably required to give relief, effect a cure or lessen plaintiff's disability.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of Deputy Commissioner Pittman and enters the following:
AWARD
1. Defendant shall pay all reasonable and necessary medical expenses incurred or to be incurred by plaintiff as a result of her compensable on the job injuries when bills for same are submitted to defendant employer and approved pursuant to procedures established by the Commission, for so long as such medical treatments are reasonably required to give relief, effect a cure or lessen plaintiff's disability.
2. Defendant shall pay plaintiff compensation at the rate of $225.06 per week for the following periods: from January 27, 1993 through February 7, 1993; from February 12, 1993 through February 21, 1993; on April 30, 1993; from June 21, 1993 through June 25, 1993 and from July 8, 1993 until she found other work on 7 March 1994. To the extent that plaintiff has earned or is earning less than $337.57 per week when she has worked or is working, defendant shall pay plaintiff 2/3 of the difference, as temporary partial disability compensation, until further order of the Commission.
3. Defendant shall pay interest on the amounts owed from the later of the date accrued or the date of the hearing below, 12 December 1994, until paid.
4. Defendant shall pay the costs.
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
DISSENTING:
(see DISSENT below)
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER